No. 91-126

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JOEL V. BALLENGER,

      Plaintiff, Counter-Defendant, and Appellant,

  -vs-

NORTHERN LIGHTS, INC.,

      Defendant, Counter-Claimant and Respondent.

APPEAL FROM:    District court of the Twentieth Judicial District,
                In and for the County of Sanders,
                The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Claude I. Burlingame, Attorney at Law, Thompson
            Falls, Montana:  John D. Greef, Attorney at Law,
            Hamilton, Montana.

      For Respondent:

            Gary R. Christiansen: Warden, Christiansen, Johnson
            & Berg, Kalispell, Montana.

AUG 15 1991

Filed CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs:  July 16, 1991

Decided:  August 15, 1991

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Joel Ballenger appeals from an order of summary judgment granted by the District Court of the Twentieth Judicial District, Sanders County, in favor of defendant, Northern Lights, Inc. The District Court held that Northern Lights owed no duty to Ballenger to provide electricity for his irrigation pumps. We affirm.

The sole issue on appeal is:

Whether the District Court erred in determining that Northern Lights had no duty to provide electricity for Ballenger's irrigation pumps.

Joel Ballenger has been a farmer-rancher in Sanders County, Montana, for over 30 years. The area where Ballenger lives is provided electricity solely by Northern Lights, an electric cooperative. Northern Lights has its office in Sandpoint, Idaho, and it serves an area comprising portions of western Montana and northern Idaho.

Ballenger has four separate accounts with Northern Lights. Two accounts represent his residential electricity consumption and the other two involve electricity utilized by his irrigation pumps.

When Ballenger set up the accounts for his irrigation pumps, he entered into a "Service Order and Membership Application" that stated that no electricity would be provided until he paid all past due balances. At the end of the 1984 irrigation season, Ballenger owed $3,737.50 for services rendered in 1982, 1983, and 1984 by Northern Lights. Although he obtained an operating loan, he chose not to use any of these funds to pay the past due balance.

In 1985, Montana experienced a severe drought. On July 8, 1985, Ballenger contacted Northern Lights and informed them that he needed power immediately so that he could irrigate his crops. When Northern Lights refused, he offered a partial cash payment of $2,000 and a lien on his crops. Northern Lights continued in its refusal to provide power, and Ballenger's crops failed for lack of water.

Ballenger filed a lawsuit alleging that Northern Lights unreasonably refused to energize his irrigation pumps and sought damages for his lost crop. Northern Lights counterclaimed, seeking payment on the balance due on Ballenger's account. On December 17, 1990, the District Court granted summary judgment in favor of Northern Lights. Ballenger appeals that portion of the court's order which dismissed his claim for damages to his crops.

Ballenger maintains that the District Court erred in granting summary judgment. We disagree.

Summary judgment is proper under Rule 56(c), M.R.Civ.P., when the movant shows that there is no genuine issue as to any fact deemed material in light of the substantive legal principles entitling the movant to judgment as a matter of law. All reasonable inferences must be drawn in favor of the party opposing the motion. In making its determination on whether to grant a motion for summary judgment, the court must consider the entire record. Smith v. Barrett (1990), 242 Mont. 37, 40, 788 P.2d 324, 326. There are no issues of material fact involved here.

As stated above, Ballenger entered into a "Service Order and Membership Application" when he set up the accounts for his irrigation pumps. This contractual instrument provided, and Ballenger agreed, that the Cooperative would not provide electricity if he had balances owing on his irrigation accounts. Ballenger maintains that this explicit provision was modified by a separate document which is referred to as Member Service Policy No. 402. This document provided that Northern Lights may allow time to pay bills in installments when special circumstances arise "such as: death in the family, serious illness, life sustaining equipment, the elderly and the handicapped." This provision, according to Ballenger, should have been applied to his case and he should have been allowed to pay his balance in installments.

Ballenger relies upon Howe v. Big Horn Electric Cooperative (1983), 206 Mont. 297, 670 P.2d 936, to support this argument. The adoption and implementation of all rules must be done fairly and in a reasonable manner with proper regard for the rights of the member and his property. Howe, 670 P.2d at 938.

Relying on this case, Ballenger argues that Northern Lights unreasonably refused to apply Member Service Policy No. 402 to his special circumstances. He maintains that the Cooperative, in accordance with its duty to act reasonably, should have accepted his offer of partial payment and a lien on his crops.

We disagree. From the depositions it is clear that Member Service Policy No. 402 applied only to residential accounts and never to irrigation accounts.

4

Second, as the District Court found, and as is clearly stated in Howe, the policy of Northern Lights allowing disconnection of service for nonpayment of fees was reasonable.  See, Howe, 670 P.2d at 938.  Moreover, Northern Lights' implementation of this policy under these circumstances was reasonable.  Ballenger was over three years overdue on his account.  Despite opportunities to pay off the balance, Ballenger chose not to do so.  Instead, he chose to gamble on the fact that he would not need to irrigate in 1985.  When it became clear that he would have to irrigate, he attempted to enter into a deal with Northern Lights, offering them a lien on his crops.  He has presented no authority that requires a cooperative to accept a crop lien as security.  Under these agreed facts, Northern Lights simply had no duty to extend further credit to an overdue delinquent account.

Finally, Ballenger argues that at the time he asked the Cooperative to supply electricity to his accounts, he had $1,914.90 worth of capital credits.  There is no evidence, however, that he offered those credits at that time or that they were discussed.  Therefore, we do not consider the existence of those credits in our determination.

In short, we find the only substantive legal issue provided by this case is whether Northern Lights reasonably refused to provide power to Ballenger's pumps.  In light of the clear contractual language contained in the Service Order and Membership Application, and the agreed facts, the only conclusion which can

be reached is that such action was reasonable. Summary judgment under Rule 56(c), M.R.Civ.P., was properly granted.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

August 15, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Claude I. Burlingame and John D. Greef
Attorneys at Law
P.O. Box 9
Thompson Falls, MT   59873

Gary R. Christiansen
Warden, Christiansen, Johnson & Berg
P.O. Box 3038
Kalispell, MT   59903-3038

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
　　　Deputy